IN THE UNTIED STATES BANKRUPTCY COUCRT
FOR THE DISTRICT OF MARYLAND
At Baltimore

| | |
|---|---|
| In Re: | * |
| Pathik Rami | * Case No: 12-30002 |
| | Chapter 7 |
| Debtor | * |

| | |
|---|---|
| Desiree Booze | * |
| Plaintiff/creditor | * Adversary Proc. No: 13-_____ |
| v. | * |
| Pathik Rami | * |
| Defendant | * |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF CREDITOR'S CLAIMS AGAINST DEBTOR/DEFENDANT

1. This adversary proceeding is brought by Desiree Booze, Plaintiff/consumer creditor of the Debtor, Pathik Rami, pursuant to Bankruptcy Rule of Procedure 4007. It seeks a determination by this Court of the dischargeability of claims filed by the Plaintiff, Desiree Booze, against the Debtor/Defendant Pathik Rami, a civil case filed in the Circuit Court for Baltimore City <u>Desiree Booze v. 3551 Keswick Road, LLC et.al</u>, Case number 24-C-11-002298, ("the civil case").

2. This Court has jurisdiction over this proceeding under 28 U.S.C. sec. 1334 and 28 U.S.C. sec. 157. This proceeding is a core proceeding.

3. The Plaintiff in this Adversary Proceeding is also the Plaintiff in the civil case filed in the Circuit Court for Baltimore City on March 28, 2011, naming Debtor Pathik Rami as one of multiple defendants. The civil case brought by Plaintiff Booze against Debtor Rami sought compensatory and punitive damages from Mr. Rami *inter alia* on intentional tort claims including deceit, fraud, defamation, false imprisonment and conversion. 11 U.S.C. sec 523 (a) (2), (4) and (6) make such claims non-dischargeable as it prohibits discharge of debts for money obtained by false representation, false pretenses, actual fraud, fraud while acting in a fiduciary capacity, and for willful and malicious injury by the debtor to another.

4. The Debtor filed bankruptcy under Chapter 7 on November 5, 2012, eight (8) days prior to trial in the civil case.

5. On December 27, 2012, the Plaintiff filed a timely Motion for Relief from Stay requesting that this Court lift the automatic stay and allow the Plaintiff to complete the trial of this matter in the Circuit Court for Baltimore City. (Doc. 26)

6. After consideration of the Plaintiff's Motion for Relief from Stay and the response filed thereto, and after hearing oral argument from the Movant/Plaintiff and the Debtor on March 11, 2013, this Court ordered that the Motion for Relief from Stay filed by the Movant, Desiree Booze, be granted and the automatic stay of 11 U.S.C. sec. 361(a) be terminated for the limited purpose of permitting completion of litigation filed by the Movant against the Debtor, Pathik Rami, in the civil case. This Court further ordered that in the event a judgment is entered in the Circuit Court case in favor of the Movant and against the Debtor/Pathik Rami, enforcement of said judgment is stayed without further order of the Court until such time as there is a determination by the Bankruptcy Court on

the dischargeability of the Circuit Court case judgment against the Debtor. (Doc. 52)

7. The Plaintiff promptly requested that the Circuit Court reopen the civil case and set the matter in for an inquisition on damages based on the default judgment held by the Plaintiff against the Debtor in the civil case. A hearing on that Motion was held on June 24, 2013 and an inquisition on damages was scheduled for September 5, 2013. On that date the parties presented the Circuit Court with a Joint Motion for Consent Judgment and attached the Settlement Agreement the parties had reached. The Circuit Court signed the Consent Order on September 5, 2013. (**Exhibit 1**).

8. The parties now have reached a settlement in this matter on terms which resolve both this Complaint to Determine Dischargeability and Plaintiff Booze's claims against Rami in the civil case. This settlement has been reduced to writing in a Settlement Agreement signed by the parties and attached as **Exhibit 2**, and in the attached proposed order. Among the agreed terms is an acknowledgement by Debtor Rami that the debt arising out of the civil case is non-dischargeable under 11 U.S.C. sec. 523 (a) (2), (4) and (6). See Paragraph 8 of the Settlement Agreement. The parties respectfully request that this Court sign and enter the proposed order approving the Settlement Agreement. This is a no asset case. No creditors or other persons will be prejudiced by an order granting the requested relief. The property which Debtor Rami has offered to secure the funds he has agreed to pay in **Exhibit 2** is owned by a company, PR Capital, LLC of which Rami is the principal and owner.

Wherefore, the Plaintiff requests that this Court order the following:

a. That the debt set out in the Settlement Agreement and the Order approving that Settlement Agreement is and shall be determined as non-dischargeable as a claim that comes within the scope of those types of claims set out in 11 U.S.C. sec. 523 (a) (2), (4) that are non-dischargeable in bankruptcy.

b. That the Consent Order/Judgment signed by the Circuit Court for Baltimore City, Judge Yolanda Tanner, on September 5, 2013 in the case of <u>Desiree Booze v. 3551 Keswick Road, LLC</u> *et al.*, case number 24-C-11-002298, is determined by agreement of the parties and by approval of this Court, to be non-dischargeable in bankruptcy and is entered on the record in the Debtor, Pathik Rami's, bankruptcy.

c. That the stay of any action to enforce or collect on any judgment entered against the Debtor in the civil case, pursuant to this Court's Order dated April 15, 2013 lifting be lifted.

d. That this Court declare and affirm that the Plaintiff may collect on said non-dischargeable claims in accordance with this Court's Order and the parties' Settlement Agreement without further order of this Court.

9/20/13
Date

Donna Bernstein, Esq.